JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANAL DABABNEH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC; KEVIN SHINDLER; and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | Case No.: 5:25−cv−418 KK (SHKx)<br>[*San Bernardino County Superior Court Case No.: CIVSB2436873*]<br><br>**ORDER GRANTING THE PARTIES' STIPULATION TO REMAND CASE TO STATE COURT AND FOR DISMISSAL OF DEFENDANT KEVIN SHINDLER**<br><br>Complaint Filed:  12/12/2024 |

The Court, having read and considered the parties' Stipulation to Remand Case to State Court and for Dismissal of Defendant Kevin Shindler, hereby ORDERS as follows:

### I.  BACKGROUND

On December 12, 2024, Plaintiff MANAL DABABNEH ("Plaintiff") commenced the above-entitled action in the Superior Court for the State of California, County of San Bernardino by filing a Complaint therein entitled *MANAL DABABNEH v. LOWE'S HOME CENTERS, LLC, KEVIN SHINDLER; and DOES 1 through 50, Inclusive*, Case No. CIVSB2436873.  Plaintiff's Complaint for personal injury arises from an alleged incident on July 31, 2024, at a Lowe's store located in the City of Redlands, County of San Bernardino, State of California. Lowe's

removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367, on February 13, 2025.

Lowe's has identified its manager on duty at the time of this incident in its Initial Disclosures as Netty Threadgill. Plaintiff has advised its intent to file a motion for leave to amend to add the manager on duty as a defendant. Plaintiff has already filed a motion to remand to state court. Defendant has requested that Plaintiff dismiss Kevin Shindler from the action. The parties have met and conferred on this issue.

The parties have now agreed and stipulated that with the addition of the Lowe's manager on duty, complete diversity will no longer exist. Accordingly, the parties request an order from this Court remanding the case to the San Bernardino County Superior Court, Case No. CIVSB2436873, and have agreed that with such remand, Plaintiff will not add Lowe's employee Netty Threadgill, or any other employee, as a defendant. Plaintiff has further agreed that in exchange for the remand, she will dismiss Kevin Shindler from the action.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). Because complete diversity no longer exists, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III. ORDER OF THE COURT

1. Pursuant to the Parties' Stipulation, the Complaint against Kevin Shindler is hereby dismissed.

2. Further pursuant to the Parties' Stipulation, because complete diversity will no longer exist, this Court will no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California,

1  County of San Bernardino, Case No.: CIVSB2436873.  This Order shall be accorded
2  full force and effect in the Superior Court of the State of California, County of San
3  Bernardino, Case No.: 21CV000537.

4    2.    All pending dates in the Federal action are hereby vacated.

5    3.    Plaintiff will not name defendant's employee Netty Threadgill or any
6  other employee of defendant, as a defendant.

**IT IS SO ORDERED.**

Dated: \_\_\_\_\_April 22\_\_\_\_\_, 2025

_____
Hon. Kenly Kiya Kato
United States District Court Judge

**ORDER GRANTING STIPULATION TO REMAND TO STATE COURT AND FOR DISMISSAL OF DEFENDANT SHINDLER**